# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 16, 2022

Lyle W. Cayce
Clerk

No. 20-61154
Summary Calendar

Parveen Dabur,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 601 846

Before Southwick, Oldham, and Wilson, *Circuit Judges.*

Per Curiam:*

Parveen Dabur, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from a decision of the Immigration Judge (IJ) concluding that he was ineligible for asylum, withholding of removal, and relief under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-61154

Convention Against Torture (CAT). He challenges the BIA's conclusions that (1) he had not shown eligibility for asylum and withholding because he failed to show past persecution or a well-founded fear of future persecution; (2) he did not show that his life would more likely than not be threatened if he were repatriated; and (3) he did not show that he likely would be tortured with governmental acquiescence if he were returned to India. We review these arguments under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Dabur has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether he showed past persecution or a well-founded fear of future persecution. He thus has failed to demonstrate that substantial evidence compels a conclusion contrary to that of the BIA as to whether he is eligible for asylum. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 (1992); *Gjetani v. Barr*, 968 F.3d 393, 398 (5th Cir. 2020); *Cruz v. Barr*, 929 F.3d 304, 309 (5th Cir. 2019); *Zhang*, 432 F.3d at 344. Because his asylum claim fails, his withholding claim follows, and we need not consider his remaining arguments related to this claim. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976); *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Finally, Dabur has not shown that substantial evidence compels a conclusion contrary to that of the BIA as to whether he will more likely than not be tortured if repatriated. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *Zhang*, 432 F.3d at 344.

PETITION DENIED.